**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATURAL RESOURCES DEFENSE
COUNCIL, et al.,

          Plaintiffs,

    v.

CARLOS GUTIERREZ, et al.,

          Defendants.
_____/

No. C 01-0421 JL

**ORDER**

### Introduction

    Plaintiff Natural Resources Defense Council, Inc. ("NRDC" or "Plaintiffs") and Federal Defendants, including the National Marine Fisheries Service ("Defendants" or "NMFS") filed statements (Docket #s 234, 235, 236, and 237) regarding a dispute over the adequacy of Defendants' Privilege Log. The Court found the matter suitable for decision without a hearing pursuant to Civil Local Rule 7-1(b).

### Background

    This Court on January 14, 2008 issued an order to Federal Defendants to complete the administrative record , and then granted their request for an extension of the deadline to March 17, 2008.

    The Court's ordered that:

    "(1) No later than March 17, 2008, Federal Defendants must produce *all non-privileged documents which were before NMFS when it made its decision, whether those documents are reflected in the decision or are contrary to it;*

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"(2) With respect to any documents for which Federal Defendants claim the deliberative process privilege, Federal Defendants shall produce any factual material which may be segregated from deliberative material; and

"(3) Also no later than March 17, 2008, Federal Defendants must produce to Plaintiffs and file with the Court a privilege log listing all documents for which Federal Defendants claim the deliberative process privilege or other applicable privilege."

(Docket # 227, 1:1-13)(Emphasis added)

The Northwest Regional Office of the National Oceanic and Atmospheric Administration ("NOAA") General Counsel's Office contacted "all supervisors of NMFS employees that were involved in the development and implementation of Amendment 16-4 to the Pacific Coast Groundfish [Fishery Management Plan ("FMP")] and the 2007-2008 Specifications and Management Measures for groundfish." Lockhart Decl. at ¶ 4.

This included the NMFS Sustainable Fisheries Division ("SFD"), which is responsible for implementing the Pacific Coast Groundfish FMP, as well as the Pacific Fishery Management Council, scientists who worked on the relevant stock assessments, and NOAA General Counsel's Office attorneys. See *id.* These employees were directed to provide "all documents pertaining to" the challenged agency action, including but not limited to "e-mails, internal notes, meeting minutes, analyses and drafts." *Id.* These additional documents, combined with the March 9, 2007 administrative record, constitute "all documents and materials directly or indirectly considered by agency decision-makers," including "evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).

On March 17, 2008, Federal Defendants filed the Supplemental Administrative Record, consisting of 71 additional volumes of documents and a DVD containing electronic documents. They simultaneously filed the Declaration of Frank D. Lockhart ("Lockhart Decl.") explaining the process NMFS used to compile the Second Supplemental Record. (Docket No. 232-2)

Thus, Defendants argue that  the Court now has before it the "whole" administrative record. See *id.* Federal Defendants contend that the determination that these documents

**United States District Court**
For the Northern District of California

1   constitute the entire administrative record is entitled to a presumption of regularity. See *Bar*

2   *MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (agency's designation of

3   administrative record presumed to be valid "absent clear evidence to the contrary");

4   *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal 2007) (same).

5                    **The parties briefed the issue of privilege**

6           The Court's January 14, 2008 Order permitted the parties to provide further briefing

7   on the applicability of the deliberative process privilege. See Doc. No. 226 at 15. NMFS has

8   decided not to invoke the deliberative process privilege with respect to any documents in

9   the Second Supplemental Record. Lockhart Decl. at ¶13. Instead, NMFS withheld sixty-six

10  documents on the basis of attorney-client privilege or the attorney work product privilege.

11  Id. at ¶14. These documents are described in Section E of the Index to the Second

12  Supplemental Record. See Doc. No. 232-3 at 2-6. Along with their opening brief on

13  privilege, Defendants filed a revised Index to the Second Supplemental Administrative

14  Record ("Revised Index") to correct errors in Section E with respect to the employers of

15  several individuals.

16                  **The Privilege Log and NRDC's Objections**

17          On March 14 and March 28, 2008 NMFS produced to NRDC and the Court a

18  Revised Index (the Privilege Log). NMFS claims the protection of the attorney-client

19  privilege or the work product doctrine for 66 documents. (Docket No. 232-3 at 2-6: Section

20  E of the Index to the Supplemental Record). The Revised Index sets forth: (a) the attorney

21  and client involved; (b) all persons or entities shown on the document to have received or

22  sent the document; (c) the subject matter; and (d) the date the document was generated,

23  prepared, or dated.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992),

24  citing *Dole v. Milonas*, 889 F.2d 885, 888 n.3 (9th Cir. 1989). Thus, Defendants argue they

25  have met their burden of making a prima facie showing that the attorney-client privilege and

26  the attorney work product privilege apply to these documents. *Id.*, 974 F.2d at 1070.

27  However, Defendants did not identify the nature of each document: whether it was a

28  memo, letter or email. *Id.* at 1071. NRDC objects that NMFS has not provided a description

1    of each document adequate to allow the Court and NRDC to evaluate the validity of the

2    claims of privilege.

3                                          **ANALYSIS**

4                                   **Attorney-Client Privilege**

5           The attorney-client privilege has eight essential elements: "1) where legal advice of

6    any kind is sought; 2) from a legal adviser in his capacity as such; 3) the communications

7    relating to that purpose; 4) made in confidence; 5) by the client; 6) are at his instance

8    permanently protected; 7) from disclosure by himself or by the legal adviser; 8) unless the

9    protection be waived." *In re Grand Jury*, 974 F.2d at 1071 fn.

10          **Defendants must provide adequate support for claims of privilege**

11          Once the privilege is invoked, the party asserting it must make a prima facie showing

12   that the privilege protects the documents in question. *In re Grand Jury Investigation*, 974

13   F.2d at 1070-71; see also Federal Rule 26(b)(5) (requiring an express claim of privilege,

14   the grounds upon which it is based, and disclosure of sufficient information to determine the

15   applicability of the privilege). A privilege log is "one means by which a party can establish

16   the [applicability of a] privilege." *In re Grand Jury Investigation*, 974 F.2d at 1071. The log

17   itself must contain: (a) the attorney and client involved, (b) the nature of the document, (c)

18   all persons or entities shown on the document to have received or sent the document, (d)

19   all persons or entities known to have been furnished the document or informed of its

20   substance, and (e) the date the document was generated, prepared, or dated." *Id.* Under

21   Federal Rule 26(b)(5) the burden of proving the attachment of privilege to each document

22   is on NMFS. See *Clarke v. Am. Commercial Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992).

23          NMFS's cursory list of documents withheld under the attorney-client privilege does

24   not, contrary to the agency's assertions, meet NMFS's burden of establishing each element

25   of the privilege. The short sentence fragments and dates NMFS has provided for each

26   excluded document do not describe the documents' type or nature, let alone reveal their

27   subject matter or establish the elements of the privilege.

28

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1    See, e.g., dkt. no. 234-2 at 3-4, doc. nos. E.12 ("Tmax relevance to rebuilding

2    plans"), E.24 ("Yelloweye rebuilding time"), E.36 ("groundfish regulations"). The list does

3    not indicate that the documents concern communications made for the purpose of seeking

4    legal advice from attorneys in their capacity as legal advisors to NMFS. Compare, e.g., dkt.

5    no. 234-2 at 4, doc. no. E.31 ("Dahl (PFMC) to Park (NOAA:GCF)"; "Comments on Chapter

6    8 – 07/05/06") with *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) ("That a

7    person is a lawyer does not, ipso facto, make all communications with that person

8    privileged. The privilege applies only when legal advice is sought from a professional legal

9    advisor in his capacity as such." The Court finds the NMFS's log entries to be cryptic to the

10   point of obfuscation. NMFS shall identify with greater particularity, through more detailed

11   log entries or affidavits, the basis for the claim of privilege for each document. The log

12   entries or affidavits shall include, *inter alia*,  the type or format of each excluded document

13   as well as each document's subject matter and how each document satisfies all the

14   elements of the claimed privilege.

15                                      **Work Product**

16    Federal Rule 26(b)(1) allows discovery "regarding any matter, not privileged, that is

17   relevant to the claim or defense of any party...." However, Rule 26(b)(3) has three

18   requirements that must be met before work product protection applies, "the material in

19   question must be: 1) a document or tangible thing, 2) which was prepared in anticipation,

20   and 3) was prepared by or for a party, or by or for its representative." *In re Community*

21   *Psychiatric Centers*, 1993 WL 497253 *5 (C.D.Cal.1993). Upon satisfaction of all three

22   requirements, the burden then shifts to the party seeking production to show necessity of

23   the documents under Rule 26(b)(3).

24    Again, NRDC object that NMFS's Privilege Log gives even less detail about

25   documents for which it claims work product protection. (Pltf Response Brief at 3) Some

26   examples of log entries for documents for which NMFS claims the protection of the work

27   product doctrine include "question regarding e-mail to clients," (E.43; Ex. A Lockhart Decl.)

28   and "comments on comment responses." (E.48, *Id.*) An entry like this gives no guidance for

the Court to evaluate whether the documents are subject to the work product doctrine.

The Court hereby orders Federal Defendants to provide either more detailed log entries or affidavits describing in further detail the nature of each document for which they claim privilege, including the type or format of each excluded document as well as each document's subject matter and how each document satisfies all the elements of the claimed privilege.

### Defendants should produce segregable non-privileged material

Finally, it appears that NMFS never attempted to identify segregable, non-privileged material within any of the sixty-six excluded documents. See dkt. no. 232-3 (Lockhart Decl.) at 3 ¶ 7 ("documents that were identified as privileged were segregated" ), 5 ¶¶ 13, 14 (agency "reviewed all documents to determine whether NMFS should invoke" the privilege, and ultimately excluded sixty-six (emphasis added)); see also AR 41 part E (no segregated material). The Court previously ordered such material to be produced. Although the Court's January 14 order referred to non-privileged material which could be segregated from deliberative material, it also applies to documents for which there is a claim of any privilege, not only the deliberative process privilege. Federal Defendants shall produce to Plaintiffs and the Court all segregable non-privileged material, including factual material, even if contained within documents for which they claim privilege.

### Search should not be limited

NMFS arbitrarily excluded from its search for documents six agencies which participated in the rulemaking process: Offices of the Regional Administrator for the Pacific Northwest Region; the Assistant Administrator for Fisheries; Director and Acting Director of the Office of Sustainable Fisheries; NOAA General Counsel (headquarters office), and Undersecretary of Commerce for Oceans and Atmosphere. NMFS's response brief does not claim that the offices identified by NRDC were in fact searched, nor does NMFS rebut NRDC's inference that the offices were, in fact, involved in the challenged rulemaking. See NMFS Resp. Br., dkt. No. 236, at 1-3. The Court rejects NMFS's contention that its search

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1  of the Sustainable Fisheries Division office would "capture" correspondence with the

2  omitted agencies or offices. Such a limited search would not, for example, capture

3  communications *among* the excluded agencies.

4      In a case such as this, the "whole record" includes everything that was before the

5  agency pertaining to the merits of its decision. *Portland Audubon Society v. Endangered*

6  *Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993). This would include not only offices

7  whose personnel were involved in "development and implementation" of the challenged

8  regulations, the limitation that NMFS imposes, but also all decision-makers involved in the

9  review or approval of those regulations, as NRDC demands, even if those decision-makers

10 are outside the Pacific Northwest, for instance in Washington, D.C. In light of the case law,

11 and the law of the case as established by this Court's express order to produce "all non-

12 privileged documents which were before NMFS when it made its decision, whether those

13 documents are reflected in the decision or are contrary to it," it is unreasonable for NMFS

14 to exclude these agencies from its search.

15     Accordingly, Federal Defendants are hereby ordered to extend their document

16 search to the six formerly-excluded agencies listed above and to produce responsive non-

17 privileged documents, or segregable portions of documents for which they claim privilege. If

18 Federal Defendants claim privilege for any of the newly-obtained documents, they shall

19 provide an adequate privilege log and affidavits as described above.

20     Compliance with all the above rulings  shall be due within thirty days of the issuance

21 of this order.

22     IT IS SO ORDERED.

23     DATED: June 17,  2008

24

25     _____
       James Larson
26     Chief Magistrate Judge

27

28

G:\JLALL\CHAMBERS\CASES\CIVIL\01-0421\Order re 234,235,236,237.wpd